DEGNAN LAW, PLLC
David Degnan (AZ SBN 027422)
Mark W. Horne (AZ SBN 029449)
4105 N. 20th St., Ste. 220
Phoenix, Arizona 85016
(602) 266-0531
d.degnan@degnanlawaz.com
m.horne@degnanlawaz.com
*Attorney for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE STATE OF ARIZONA

| | |
|---|---|
| Darrin Langton,<br><br>     Plaintiff,<br><br>  v.<br><br>U.S. Department of Homeland Security,<br><br>     Defendant. | Case No.:<br><br>**COMPLAINT** |

Plaintiff Darrin Langton for his Complaint against the above-named Defendant hereby alleges as follows:

**COMPLAINT FOR INJUNCTIVE RELIEF**

1.  This is an action under the Freedom of Information Act, 5 U.S.C. § 552, for injunctive and other appropriate relief and seeking the disclosure and release of agency records improperly withheld from Plaintiff by Defendant U.S. Department of Homeland Security ("DHS") and its components Federal Bureau of Investigation ("FBI").

/ /

/ /

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff Darrin Langton is a United States Citizen residing within this District in Maricopa County, Arizona.

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this District under 5 U.S.C. § 552(a)(4)(B).

4. Defendant DHS is a Department of the Executive Branch of the United States Government, and includes component entities FBI, USMS, DEA, and INS. The DHS is an agency within the meaning of 5 U.S.C. § 552(f).

## PLAINTIFF'S PUBLIC RECORDS REQUEST DENIAL AND APPEAL

5. Plaintiff submitted a public records requests using the online DHS FOIA website and opened up FOIA REQUEST 2019-IAFO-00130.

6. Plaintiff requested background check information for himself and all documents Defendant has pertaining to Plaintiff.

7. Plaintiff got a response from Defendant, which stated:

> Re: Freedom of Information Act Request 2019-IAFO-00130
>
> Dear requester:
>
> This is the final response to your Freedom of Information Act (FOIA) request to the Department of Homeland Security (DHS), Office of Intelligence and Analysis (I&A), and received in this office on June 17, 2019. You are seeking all records in our system concerning:
>
> Yourself, Darrin Langton.
>
> After considering the nature of your request, I&A has determined that the fact of the existence or nonexistence of records pertaining to your request

would be exempted from disclosure pursuant to the Freedom of Information Act (FOIA) Exemptions 3 and 7(E). Your request is denied under exemption 3 pursuant to Title 50 US Code § 3024(i) and 6 U.S.C. § 121(d)(11), which protect intelligence sources and methods from unauthorized disclosure. Additionally, we are neither confirming nor denying the existence of records under exemption 7(E) as disclosure of the information you requested would reveal law enforcement techniques or procedures and the circumstances under which those procedures ore techniques were used. Also, these records are exempted pursuant to Exemptions 6 and 7(C) of the FOIA, 5 U.S.C. § 552(b)(6) and (b)(7)(C).

**I&A hereby neither confirms nor denies that such records may or may not exist.**

8. Plaintiff appealed the Defendants' above response to FOIA REQUEST 2019-IAFO-00130 with Appeal 2019-HQAP-00298.

9. Plaintiff received a letter from Defendant DHS on FOIA APPEAL 2019-HQAP-00298 and the Defendants' final decision affirmed the Defendants' response to FOIA REQUEST 2019-IAFO-00130.   The Letter states:

RE: DHS FOIA APPEAL 2019-HQAP-00298; FOIA REQUEST 2019-IAFO-00130

Dear Mr. Langton:

This letter concerns your appeal of the Office of Intelligence and Analysis' (I&A) response addressing your Freedom of Information Act (FOIA) request 2019-IAFO00130. Your September 17, 2018 letter indicates you seek review of I&A's Glomar response, which neither confirmed nor denied the existence of the documents you seek. See e.g., Am. Civil Liberties Union v. C.I.A., 710 F.3d 422, 426 (D.C. Cir. 2013).

Pursuant to a memorandum of agreement, the United States Coast Guard Office of the Chief Administrative Law Judge is reviewing FOIA appeals for the Department of Homeland Security General Counsel's office. Therefore, the Office of the Administrative Law Judge renders decisions on FOIA appeals on behalf of the Department of Homeland Security.

After a thorough review of your appeal and all applicable authority, I am AFFIRMING I&A's response. I determined the use of a Glomar response to your request was appropriate.

This decision is the final action of the Department of Homeland Security concerning DHS FOIA APPEAL 2019-HQAP-00298; FOIA REQUEST 2019-IAFO-00130. While a comprehensive review of your appeal was made, you may seek judicial review of this decision pursuant to 5 U.S.C. §552(a)(4)(B) in United States District Court for either: 1) the district where you reside; 2) the district where the agency records are situated; or 3) the District of Columbia.

10. However, upon information and belief, Plaintiff's public records request does not fall within any of the exemptions cited by Defendant and Defendant has wrongfully withheld the existence or non-existence of the requested documents as well as the documents themselves from Plaintiff.

11. Upon information and belief, confirming or denying the existence of the requested records would not cause harm cognizable under any FOIA exception.

12. Defendant DHS by law must confirm or deny the existence of the requested records and produce to Plaintiff any such records that exist.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff requests that the Court:

A. **ORDER** Defendant to disclose the existence or non-existence of the requested records to Plaintiff;

B. **ORDER** Defendant to disclose the requested records themselves in their entireties to Plaintiff and to make copies available to Plaintiff;

C. Provide for expeditious proceedings in this action;

C. **AWARD** costs and attorney's fees, pursuant to 5 U.S.C.S. § 552 and/or other applicable law;

D. **AWARD** appropriate injunctive relief; and

4

E. **GRANT** such further relief as this Court may deem just and proper.

**Dated** this 14th day of January, 2020.

                              **DEGNAN LAW, PLLC**

                              By  */s/ Mark W. Horne*
                                 Mark W. Horne
                                 *Attorney for Plaintiff*

DEGNAN LAW, PLLC
4105 N. 20TH St., Ste. 220
Phoenix, AZ 85016